IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MELVIN SMITH, Jr.,
ADC # 82282

    Plaintiff

v.    Case No. 5:04CV00408 JLH/JFF

LORIE TAYLOR, *et al.*,

    Defendants

## RECOMMENDED DISPOSITION

Plaintiff Smith, an inmate confined to the Arkansas Department of Correction, filed the present action *pro se* pursuant to 42 U.S.C. Section 1983 (docket entry #2) alleging that he was denied due process in a disciplinary hearing when Hearing Officer Lorie Taylor "denied Plaintiff the right to be heard." He asserts that the remaining Defendants, Warden Gaylon Lay, Hearing Administrator James Gibson and Director Larry Norris violated his due process rights when they failed to take action on Plaintiff's appeal of the disciplinary conviction for possessing marijuana that resulted in the loss of 365 days of good time credit, reduction of his class from Level I to Level IV, and 30 days in punitive isolation. Plaintiff seeks compensatory damages for each day he spent in segregated confinement, punitive damages, as well as reversal and dismissal of the disciplinary conviction and restoration of his good time credits.

1

On April 6, 2005, the Court directed Plaintiff to file an Amended Complaint[1] to provide specific facts supporting his statement that the Hearing Officer Lorie Taylor denied him the right to be heard at the disciplinary hearing. In the Amended Complaint, Plaintiff states, "Lorie Taylor deny me the opportunity to complete my statement pertaining to my defense. She kept interrupting me while I was reading my statement. She told me that she didn't want to hear from the Disciplinary Rules and Regulations, AR 831 and if I kept reading she would cut me off." For the reasons that follow, the undersigned recommends that the Complaint be dismissed due to Plaintiff's failure to state a claim upon which relief can be granted.[2]

Only under limited circumstances can a plaintiff directly attack his disciplinary conviction in a section 1983 action. In *Heck v. Humphrey*, the Supreme Court held that if a judgment in favor of a prisoner in a section 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages could be brought until the conviction or sentence is reversed, expunged, or called into question by the

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are: (a) legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915.

[2] To state a cognizable claim under 42 U.S.C. Section 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983. While a court must accept the factual allegations in the complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) *(per curiam)*, a plaintiff still must assert facts sufficient to state a claim as a matter of law rather than merely asserting conclusory allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

appropriate state or federal court. 512 U.S. 477 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court extended its holding in *Heck* to include prison disciplinary decisions that deprive a prisoner of good-time credits. "If success on the merits of a particular § 1983 claim would necessarily imply the invalidity of a disciplinary result lengthening the plaintiff's prison sentence, *Heck* requires favorable termination of the action in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley*, 83 F.3d 231, 234 (8th Cir. 1996) (citations omitted). A plaintiff may not seek reinstatement of his good time credits, which would necessarily implicate the length of his confinement, in a section 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (plaintiff may seek restoration of his good-time credits only in a habeas corpus proceeding).

A plaintiff may properly challenge in a section 1983 action the procedures that lead to the disciplinary conviction if the error would not be sufficient enough to undermine the conviction itself. Thus, the state exhaustion and "favorable termination" requirement may not apply in the narrow situation where a prisoner limits his challenge to the procedure used in a disciplinary proceeding and does not challenge the end result. Such was the situation analyzed by the Eighth Circuit in *Armento-Bey v. Harper*, 68 F.3d 215 (8th Cir. 1996). In *Armento-Bey*, the inmate alleged that he was denied the right to present certain evidence, presumably exculpatory evidence, in his disciplinary hearing for improper contact with a female officer. Armento-Bey specifically alleged that he was seeking relief only in the form of damages and was not seeking restoration of his good time credits. The district court dismissed the action on the basis of *Heck* and the Eighth Circuit reversed. The prisoner

3

conceded that the correctional system had reached the right end result, but claimed that in doing so it had trampled on his rights, thus entitling him to damages, but not to restoration of the lost credits. The dissenting judge pointed out that if Armento-Bey's procedural due process rights were denied during the hearing, then it followed that the disciplinary decision could not stand. Thus, the challenge to the process employed to reach the disciplinary decision was necessarily a challenge to the decision itself. The dissenting judge felt the case was controlled by *Heck*.

In a prison disciplinary proceeding, due process requires that inmates must receive: (1) advance written notice of the charges; (2) an opportunity to present evidence in their defense; (3) a written statement by the fact finder of the reasons for the action; and (4) a decision supported by some evidence in the record. *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985) (*citing Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974)). The second prong has generally been considered in the context of the inmate's right to call witnesses and present documentary evidence. *See Harper v. Lee*, 938 F.2d 104 (8th Cir. 1991) (due process violation arising from committee's failure to admit logbooks into evidence in disciplinary hearing at inmate's request was cured on appeal); *Espinoza v. Peterson*, 283 F.3d 949 (8th Cir. 2002) (finding testimony of witness would be cumulative and jeopardize institutional safety). Prison officials are provided a certain level of discretion and may refuse a prisoner's request to call witnesses and present documentary evidence at disciplinary hearing on the grounds that such would be irrelevant, unnecessary, or would be hazardous to institutional security.

Unlike the Plaintiff in *Armento-Bey*, here, Plaintiff seeks a reversal of the disciplinary conviction and reinstatement of his good time credits. Thus, this action clearly does fall within the purview of *Heck*. Notwithstanding the foregoing point, the Plaintiff has not stated a constitutional claim for an additional reason. The substance of his due process claim differs from the one raised in the *Armento-Bey*, *Harper* and *Espinoza* cases cited above. The Plaintiffs in those cases sought to present *evidence* either through documents or through witness testimony at their hearings. Here, Plaintiff did not seek to introduce *evidence* at the hearing, but sought to read from a disciplinary regulation without interruption, which the Hearing Officer refused to allow. While the due process clause provides for an inmate's right to muster a defense by presenting exculpatory evidence in a disciplinary proceeding, the undersigned finds no authority to support the conclusion that this includes the right to read from administrative rules and regulations.

IT IS THEREFORE RECOMMENDED that Plaintiff's action be DISMISSED WITH PREJUDICE due to his failure to state a claim upon which relief can be granted, and that the dismissal count as a strike for purposes of 28 U.S.C. Section 1915(g).

DATED this 23rd day of June, 2005.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT



# United States District Court

EASTERN DISTRICT OF ARKANSAS
U.S. COURTHOUSE
600 WEST CAPITOL AVENUE, SUITE 553
LITTLE ROCK, ARKANSAS 72201-3325

JOHN F. FORSTER, JR.
UNITED STATES
MAGISTRATE JUDGE

(501) 604-5190
FAX (501) 604-5378

June 23, 2005

Mr. Melvin Smith, Jr.
ADC#82282
Maximum Security Unit
2501 State Farm Road
Tucker, AR 72168

RE: Smith v. Taylor
Case No. 5:04CV000408 JLH

Dear Mr. Smith:

Attached is a Recommended Disposition which has been prepared by this office and submitted to United States District Judge J. Leon Holmes.

Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. An original and one copy of your objections must be received by the United States District Court Clerk no later than eleven (11) days from the date of this letter. The copy will be furnished to the opposing party. Failure to file timely objections may result in wavier of the rights to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing, if any, before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol, Suite 402
> Little Rock, AR     72201

Sincerely,

John F. Forster, Jr.
United States
Magistrate Judge

JFFjr:jjm
Enclosure

cc: The Honorable J. Leon Holmes, United States District Judge
    File